UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------x
MAURICE OPARAJI,

                Plaintiff,

      - v -

                                                    CV-00-5953 (ENV)(VVP)

NEW YORK CITY BOARD OF
EDUCATION, et al.,

                Defendants.
-----------------------------------------------------x    **REPORT AND RECOMMENDATION**
MAURICE OPARAJI,

                Plaintiff,

      - v -

                                                    CV-02-3900 (ENV)(VVP)

NEW YORK CITY BOARD OF
EDUCATION, et al.,

                Defendants.
-----------------------------------------------------x

      For the reasons below, I recommend that these actions be dismissed for want of prosecution. The facts below are gleaned from prior proceedings in this action as well as statements made at a status conference today by counsel for the defendants.

      These two employment discrimination actions arise from the plaintiff's termination from two teaching positions with the New York City Board of Education (now known as the Department of Education). Discovery in the earlier action, Docket Number 00 CV 5953, was closed several years ago. Because of the interrelationship of that case with the later action, Docket Number 02 CV 3900, as well as two other actions filed by the plaintiff – *Oparaji v. U.F.T. (United Federation of Teachers)*, 03 CV 3927, and *Oparaji v. New York City Board of Education, et al.*, 03 CV 4105 – proceedings in the 00 CV 5953 action were held in abeyance pending the conclusion of motion practice in the other three cases. When the various motions were resolved, with the result that the 03 CV 3927 and 03 CV 4105 actions were dismissed, the court held a

conference on September 28, 2005. Both the defendants' counsel and the plaintiff, pro se, attended the conference in person. During the conference, the court set a schedule for discovery and other pretrial proceedings in the 02 CV 3900 case, including a deadline for the completion of all discovery by March 10, 2006 and a status conference to be held on January 13, 2006. *See* Docket Entry 49.

Shortly after that conference, the defendants' counsel and the plaintiff, pro se, discussed the scheduling of depositions, and it was agreed that the defendants would produce certain witnesses for deposition on January 10, 2006. For the next several months, there was no contact between the parties as the plaintiff had advised the defendants' counsel that he would be out of the country but would return by January 10. On January 6, 2006 the defendants' counsel sought to confirm by telephone that the depositions would proceed on the 10th. He was told, however, by a woman who represented herself as the plaintiff's wife, that the plaintiff was still out of the country and would be returning in a month or so. The depositions therefore did not proceed on January 10.

Given the plaintiff's absence, the defendants' counsel sought and obtained an adjournment of the January 13 status conference to February 7. Notice of the adjournment was provided to the plaintiff by mail at the address he had provided to the court and to opposing counsel. Nevertheless, the plaintiff did not appear for the February 7 conference.

In early January, to pursue the discovery that he had thus far put off because of the plaintiff's absence, the defendants' counsel served discovery requests and a notice of deposition scheduling the deposition of the plaintiff for February 21, after the plaintiff was supposed to return to the country. The plaintiff did not respond timely to the discovery requests and failed to

appear for his deposition. On February 21, while waiting for the plaintiff to appear at the deposition, defendants' counsel sought to contact the plaintiff by telephone at the number that had been previously used by the plaintiff for telephonic communications, and which was the number previously used by the defendants' counsel when he spoke with the plaintiff's wife in early January. He spoke again to the plaintiff's wife and was again told that the plaintiff was still out of the country. Although vague, and with the proviso that she had not had much contact with the plaintiff, his wife again suggested that he would be returning in a month or so.

As a result of the plaintiff's failure to respond to discovery requests and to appear for his deposition, and with the realization that the March 10 discovery deadline was imminent, the defendants' counsel addressed a letter to the court dated February 21, 2006 seeking among other things the court's intervention to determine whether the plaintiff wished to continue the litigation. In addition, the letter requested dismissal of the action in the event that the plaintiff failed to respond to the court's inquiries. Docket Entry Number 53.

Accordingly, the court entered an order dated March 22, 2006 scheduling a conference in the matter for today. The order briefly described the plaintiff's failure to provide discovery and his apparent extended absence from the country, and specifically warned in bold-face, italicized type,

> If the plaintiff fails to appear at the conference, and does not otherwise communicate with the court concerning this matter before the conference, the court will recommend that these actions be dismissed for want of prosecution.

Order, March 22, 2006. The order was mailed by the court to the plaintiff's address of record in this action, and was not returned as undeliverable. The plaintiff failed to appear, and neither he

nor anyone acting on his behalf has contacted the court in any manner concerning these cases. Nor has the defendants' counsel heard from the plaintiff or anyone acting on his behalf.

Given the plaintiff's failure to provide discovery requested by the defendants despite ample opportunity to do so, his failure otherwise to participate in obtaining discovery, his apparent absence from the country for an extended and indefinite period with no end in sight, and his failure to appear at two conferences, or otherwise communicate with the court concerning his absence, despite a clear warning that such a failure would result in dismissal of the actions, the court concludes that the plaintiff has in effect abandoned these actions and RECOMMENDS that they should therefore be dismissed for want of prosecution. *See* Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962).

\*        \*        \*        \*        \*        \*

Any objections to the Report and Recommendation above must be filed with the Clerk of the Court within 10 days of receipt of this report. Failure to file objections within the specified time waives the right to appeal any judgment or order entered by the District Court in reliance on this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see, e.g., Thomas v. Arn*, 474 U.S. 140, 155, 106 S.Ct. 466, 474, 88 L.Ed.2d 435 (1985); *IUE AFL-CIO Pension Fund v. Herrmann*, 9 F.3d 1049, 1054 (2d Cir. 1993); *Frank v. Johnson*, 968 F.2d 298 (2d Cir.), *cert. denied*, 113 S. Ct. 825 (1992); *Small v. Secretary of Health and Human Serv.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam).

**The clerk is directed to serve a copy of this order on the plaintiff by overnight courier and by regular mail at his address of record.**

> VIKTOR V. POHORELSKY
> United States Magistrate Judge

Dated: Brooklyn, New York
April 6, 2006